KENNETH M. JONES (BAR NO. 140358)
kenneth.jones@saul.com
JESSICA E. BRADLEY (BAR NO. 250874)
jessica.bradley@saul.com
SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:  (310) 255-6100
Facsimile:  (310) 255-6200

Attorneys for Defendant
METROPOLITAN SECURITY SERVICES, INC.
doing business as WALDEN SECURITY

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER WARMERDAM,<br><br>      Plaintiff,<br><br>  v.<br><br>WALDEN SECURITY, METROPOLITAN SECURITY SERVICES and DOES 1 THROUGH 100, INCLUSIVE,<br><br>      Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446, (DIVERSITY)** |

# NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Metropolitan Security Services, Inc. doing business as Walden Security ("Walden Security" or the "Defendant"), removes this action captioned above (the "Action") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Superior Court of California, County of Sacramento, to the United States District Court for the Eastern District of California, Sacramento Division.

## Grounds for Removal

1. On February 25, 2025, Plaintiff Peter Warmerdam ("Plaintiff"), a former Walden Security employee, commenced this Action in Sacramento County Superior Court by filing a complaint (the "Complaint") against Walden Security. (*See Peter Warmerdam v. Walden Security, et al.*, Case No. 25CV004600 (Exh. 1).) In his Complaint, Plaintiff alleges that Walden Security terminated his employment on March 2024 in violation of the California Fair Employment and Housing Act (Gov. Code § 12940, *et seq.*) and wrongfully discharged him. (*See generally* Exh. 1.)

2. Walden Security is timely filing this Notice of Removal within 30 days of service of the Complaint in compliance with 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354 (1999).

3. This Action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a)-(b) because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)-(b) on the grounds that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Defendant is a corporation incorporated in the State of Tennessee and maintains its principal place of business in Chattanooga, Tennessee. As such, Defendant is a citizen of Tennessee.

## Venue

4. Removal to this Court is appropriate because the Sacramento County Superior Court, where this Action was initially filed, is located within this judicial district and division. *See* 28 U.S.C. § 1446(a).

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

**The Amount in Controversy Requirement is Satisfied**

5.     Plaintiff seeks "unlimited" damages in excess of $35,000. (Exh. 2 (setting forth in form cover sheet Plaintiff's claim for "unlimited" damages sum); *cf.* Exh. 1 (alleging no specific damages amount).)

6.     The amount in controversy exceeds the $75,000 jurisdictional minimum for the exercise of diversity jurisdiction. 28 U.S.C. § 1332(b); *see also id.* § 1446(c)(2)(A)(ii) (providing that removing party may assert amount in controversy where state practice does not permit demand for specific sum); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014) (providing that defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds jurisdictional threshold amount and need not include evidentiary submissions).

7.     In his Complaint, Plaintiff seeks lost wages under the FEHA, among other relief. (Exh. 1 ¶¶ 29, 40, 52, 63, 72, 79), alleging "loss of income (past and future)".  The amount in controversy exceeds $75,000 based upon Plaintiff's claim for loss earnings alone for the following reasons:

    a. Assuming a full-time schedule, Plaintiff's annual earnings from October 2023 until October 2024 would be approximately $86,798.00, without including paid sick leave and vacation. After October 1, 2024, assuming a full-time schedule, his annual earnings would have been $89,835.00. Declaration of Dana Smith ("Smith Decl.") ¶ 2.

    b. When calculating the amount in controversy, courts consider lost wages up until the date of a potential trial. *E.g.*, *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("If a plaintiff claims at the time of removal that her termination caused her to lose future wages . . . then there is no question that future wages are 'at stake' in the litigation.").

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

c. Further, where no trial date has been set, "courts have often found that one year from the date of removal is a 'conservative estimate of the trial date' in employment cases." *Fisher v. HNTB Corp.*, No. 2:18-cv-08173-AB-MRW, 2018 WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018).

d. Thus, combining Plaintiff's potential past loss of earnings at the time of removal and his potential future loss of earnings until trial, the amount in controversy is greater than $75,000, without consideration of Plaintiff's claims for other items of damages, i.e., emotional distress, punitive damages, attorney's fees, etc. This exceeds the jurisdictional minimum for this Court's exercise of diversity jurisdiction. 28 U.S.C. § 1332(b).

### **Complete Diversity of Citizenship Exists**

8. According to 28 U.S.C. 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State of foreign state where it has its principal place of business."

9. Defendant is a citizen of Tennessee. Metropolitan Security Services, Inc. doing business as Walden Security is a Tennessee corporation, and maintains a principal place of business in Tennessee. 28 U.S.C. § 1332(c)(1).

10. Plaintiff does not identify his place of residence in the Complaint. However, based on information and belief (including representations made by Plaintiff to Walden Security during his course of employment with Walden Security), Plaintiff resides in Sacramento County, California, and is a citizen of California. (*See* Smith Decl. ¶ 3. Further, the Complaint includes no allegations that suggest Plaintiff is a citizen of Tennessee.

11. The Complaint also names Does as Defendants in the Action. For purposes of removal, however, "the citizenship of defendants sued under fictitious

names shall be disregarded." 28 U.S.C. § 1441(b)(1). Thus, the Doe Defendants have no effect on removability of the Action.

12.   Since Plaintiff and Walden Security are citizens of different states, they are completely diverse for purposes of 28 U.S.C. § 1332.

### Other Removal Requirements are Met

13.   True and correct copies of the Complaint, Summons, and other process and orders in this Action received by Defendants, are attached as Exhibits 1–6. The foregoing constitute all process, pleadings and orders that Walden Security has received in this Action. *See* 28 U.S.C. § 1446(a).

14.   As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed immediately with the Clerk of the Sacramento County Superior Court, and written notice of the removal will be given immediately to Plaintiff through his counsel of record in the Action, promptly after the Notice of Removal is filed with the Clerk of this Court.

### Conclusion

15.   For the reasons stated above, removal is proper pursuant to 28 U.S.C. § 1332 because the Action is between citizens of different states and involves an amount in controversy exceeding $75,000. Walden Security respectfully requests that this Court assume jurisdiction over the Action, and grant Walden Security such relief as this Court deems just and proper.

16.   If any question arises as to the propriety of the removal of this Action, then Walden Security also respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of their position that diversity jurisdiction exists.

17.   By filing this Notice of Removal, Walden Security does not waive its right to object to sufficiency of service of process, jurisdiction over the subject matter, jurisdiction over the person, or to assert any other applicable defense or objection.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

DATED:  May 23, 2025          SAUL EWING LLP


By: _____
    KENNETH M. JONES
    JESSICA E. BRADLEY
    Attorneys for Defendant
    METROPOLITAN SECURITY
    SERVICES, INC. doing business as
    WALDEN SECURITY

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

55586081.1 379271-00009                    6                    NOTICE OF REMOVAL OF ACTION